UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE CHACE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.;<br>JOHN DOE 1 (d/b/a Skyline Recovery<br>Service), JOHN DOE 2 (Skyline Recovery<br>Service Employee), and OFFICER DOE 1,<br>OFFICER DOE 2, AND OFFICER<br>DOE 3 (Three Fall River Police<br>Department Officers),<br><br>　　　　Defendants | Civil Action No.<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

**COMPLAINT**

### I. *INTRODUCTION*

Plaintiff, Laurie Chace, was awoken one morning by a tow truck driver at her home to repossess her car.  The repossession, which was ultimately consummated, was wrongful in several respects: Santander Consumer USA, Inc. did not have a right to take the car; John Doe 1 (d/b/a Skyline Recovery Service), through its employee, John Doe 2, unlawfully entered onto the Plaintiff's property without permission and seized the car over the Plaintiff's persistent, vigorous objections; and three uniformed police officers from the Fall River Police Department exceeded their authority and violated the Plaintiff's civil rights by ordering her to allow Skyline to repossess her car over her objections.  Skyline and its employee's actions, as agents for Santander Bank, constituted a breach of peace, and the police officers' actions constituted unlawful police action.  Plaintiff now sues for damages.

1

## II. *JURISDICTION AND VENUE*

1. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over the state law claims against the relevant defendants under 28 U.S.C. § 1367(a) as these claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this district is proper as the Plaintiff resides in this district and the events giving rise to this action occurred here.

## III. *PARTIES*

4. Plaintiff Laurie Chace is an individual consumer residing in Fall River, Bristol County, Massachusetts.

5. Defendant Santander Consumer USA, Inc. ("Santander") is an automobile finance corporation with its principal office located at 8585 North Stemmons Freeway, Suite 1100-North Dallas, TX 75247. Santander has a registered agent in Massachusetts at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

6. Santander is engaged in trade or commerce.

7. Defendant John Doe 1 ("Skyline Recovery Services" or "Skyline") is an entity engaged in the business of collecting debts in Massachusetts and Connecticut with a business mailing address at P.O. Box 1292, Easthampton, MA 01027.

8. Skyline maintains a place of business at 376 Easthampton Road in Northhampton, MA.

9. Skyline is engaged in trade or commerce and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

10. Skyline is a debt collector as defined by 15 U.S.C. § 1692a(6).

11. Defendant John Doe 2 ("Employee") is an individual employed by Skyline.

12. Employee is engaged in a business the principal purpose of which is the enforcement of security interests.

13. Officer Doe 1, Officer Doe 2, and Officer Doe 3 ("Police Officers") are unidentified officers with the Fall River Police Department.

## IV. *FACTUAL ALLEGATIONS*

14. Plaintiff had a car loan debt with Santander.

15. This debt was incurred by the Plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. The debt was incurred by the Plaintiff in the course of her purchase of a 2007 Mazda 3 (the "vehicle" or "car").

17. The vehicle was a consumer good.

18. The purchase of the vehicle was a consumer transaction.

19. At some point during the term of the debt, Santander began an attempt to repossess the vehicle.

20. On July 27, 2011, at approximately 7:30 A.M., Skyline, on behalf of Santander, arrived at the Plaintiff's residence at 201 Winthrop Street, Fall River, MA ("property") to repossess her vehicle.

21. Plaintiff looked out her window to see Employee in her driveway attempting to hook her vehicle to his tow truck.

22. At all times during Employee's repossession attempt, he acted within the scope of his employment with Skyline.

23. Plaintiff's vehicle was in her driveway surrounded by other cars as this was happening.

24. Employee entered onto the Plaintiff's property without obtaining her consent at the time of the entry.

25. Employee entered onto the Plaintiff's property without obtaining the consent of any person residing there at the time of the entry.

26. Plaintiff exited her apartment and confronted Employee in her driveway.

27. Plaintiff told Employee that he could not take her car and ordered him to leave her property.

28. Despite the Plaintiff's objections, Employee told her that he was going to take her car and continued his repossession attempt.

29. Plaintiff continued to object vigorously to the repossession attempt and asked Employee to leave the property repeatedly.

30. Employee threatened to tow another car located in the Plaintiff's driveway in order to tow Plaintiff's car.

31. Plaintiff entered her vehicle, put her keys into the ignition, and turned on the car as Employee continued to attempt repossession.

32. After the Plaintiff exited her car running with the keys in its ignition to return inside her apartment, Employee entered her car, took her keys out of the ignition, used the parking brake, and attempted to hook the car to his tow truck.

33. When the Plaintiff returned, she took her car keys from Employee and moved her car from her driveway to the backyard.

34. Employee, driving his tow truck along the side of the driveway, followed the Plaintiff to her backyard to continue the repossession attempt.

35. As Employee attempted to hook the Plaintiff's car to his tow truck, the Plaintiff repeatedly moved her car farther away from him.

36. Employee stood in front of Plaintiff's car to prevent her from moving her car and threatened to call the police if the she moved her car.

37. Plaintiff's landlord arrived onto the property and told Employee to leave.

38. Employee refused to leave the property and called the Fall River Police Department.

39. Three uniformed police officers responded to Employee's call and arrived at the property.

40. Plaintiff's landlord told the Police Officers that she owned the property and wanted Employee to leave.

41. The Police Officers told the Plaintiff's landlord that Employee had paperwork allowing him to repossess Plaintiff's car and had a right to be on the property.

42. On information and belief, the paperwork in Employee's possession listed the incorrect address for the Plaintiff.

43. On information and belief, the Police Officers permitted Employee to contact Skyline to have paperwork with the Plaintiff's correct address faxed to the Fall River Police Department.

44. At no point during the repossession attempt did Employee provide paperwork with the correct address to the Plaintiff or to the Police Officers at the scene.

45. On information and belief, the Police Officers contacted another officer, who instructed them to allow Employee to repossess the Plaintiff's car.

46. The Police Officers threatened to arrest the Plaintiff and her landlord with obstructing justice and larceny.

47. The Police Officers instructed Employee to continue the repossession.

48. Employee continued with the repossession over the Plaintiff's objections and towed the vehicle out of her driveway.

49. Employee left the Plaintiff's property at approximately 11:30 a.m.

50. At no point did Santander, Skyline, or Employee receive a judicial order authorizing the repossession of Plaintiff's car.

51. After repossessing the Plaintiff's car, Santander sold the car for $6,200.

## V. CLAIMS FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act
### (Against Skyline)

52. Plaintiff incorporates and realleges the foregoing paragraphs.

53. Skyline took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest in violation of 15 U.S.C. § 1692f (6)(A).

54. Skyline did not have a present right to repossess the Plaintiff's car because its employee entered her property without consent, failed to stop its repossession attempts when confronted by the Plaintiff's vigorous objections, refused to exit the property at the Plaintiff and her landlord's requests, and falsely invoked law enforcement authority to achieve repossession. These actions constituted a breach of the peace.

55. Skyline's actions caused the Plaintiff actual damages.

56.     Pursuant to 15 U.S.C. § 1692k, the Plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory judgment that Defendant Skyline's conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

## Count II

### Violation of the Massachusetts Consumer Protection Act
### (Against Santander, Skyline, and Employee)

57.     Plaintiff incorporates and realleges the foregoing paragraphs.

58.     Santander, Skyline, and Employee repossessed the Plaintiff's car when there was no right to do so under applicable law, namely M.G.L. c. 255B, § 20B and M.G.L. c. 106, § 9-609.

59.     Santander, Skyline, and Employee breached of peace by failing to stop the repossession attempt when confronted by the Plaintiff's objections, and by falsely invoking law enforcement authority in violation of M.G.L. c. 255B, § 20B.

60.     Santander, and Skyline and Employee also violated M.G.L. c. 255B, § 20B by entering onto property rented by the Plaintiff without her prior or contemporaneous consent and refusing to leave despite her objections.

61.     Pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a per se violation of M.G.L. c. 93A.

62.     Defendants Skyline and Employee committed unfair and deceptive acts in the course of trade or commerce which caused the Plaintiff's damages.

63.     Pursuant to M.G.L. c. 93A, § 9, the Plaintiff asks the Court to award her up to three but not less than two times her actual damages, statutory damages, reasonable attorney's fees, and the costs of this action.

## Count III

### Violations of the Massachusetts Commercial Code
### (Against Santander, Skyline, and John Doe)

64. Plaintiff incorporates and realleges the foregoing paragraphs.

65. Santander, Skyline, and Employee repossessed the Plaintiff's car when there was no present right to do so under M.G.L. c. 106, § 9-609.

66. Santander, Skyline, and Employee breached the peace in the course of the repossession in violation of M.G.L. c. 106, § 9-609.

67. Santander, Skyline, and Employee had a non-delegable duty not to breach the peace in the course of the repossession.

68. Skyline and Employee breached of peace by failing to stop the repossession attempt when confronted by the Plaintiff's objections, and by falsely invoking law enforcement authority in violation of M.G.L. c. 106, § 9-609.

69. Skyline and Employee also violated M.G.L. c. 106, § 9-609 by entering onto property rented by the Plaintiff without her prior or contemporaneous consent and refusing to leave despite her objections.

70. Santander, Skyline, and Employee's violations of the Massachusetts Commercial Code caused the Plaintiff damages.

71. Pursuant to M.G.L. c. 106, § 9-625, the Plaintiff asks the Court to award her actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action.

## Count IV

### Declaratory Judgment
### (Against Santander)

72. Plaintiff incorporates and realleges the foregoing paragraphs.

73. Santander's repossession of the Plaintiff's car violated M.G.L. c. 255B, § 20B in two key ways:

   a. Santander, through Skyline as its agent, effectuated its repossession by entering onto the Plaintiff's property without the Plaintiff's prior or contemporaneous consent; and

   b. Santander, through Skyline as its agent, breached the peace in the course of its repossession.

74. Under M.G.L. c. 255B, § 20B(e)(1), Santander's violations of § 20B is an absolute bar to its attempt to collect a repossession deficiency.

75. Plaintiff seeks a declaration that any such deficiency is legally unenforceable due to Santander's violations of M.G.L. c. 255B, § 20B.

## Count V

### Violations of the Massachusetts Civil Rights Act
### (M.G.L. c 12, § 11H)
### (Against Police Officers)

76. Plaintiff incorporates and realleges the foregoing paragraphs.

77. The Police Officers, by threats, intimidation, or coercion, unreasonably acted to deprive the Plaintiff of her rights, privileges, or immunities secured by the Constitution, namely her right not to be deprived of her property without due process of law as provided by the Fourteenth Amendment to the Constitution of the United States of America.

78.     As a result of the Police Officers actions, Plaintiff suffered damages including property damage, financial damage, personal humiliation, mental anguish and suffering.

### Count VI

### Violation of 42 U.S.C. § 1983
### (Against Police Officers)

79.     Plaintiff incorporates and realleges the foregoing paragraphs.

80.     The Police Officers violated 42 U.S.C. § 1983 by encouraging and assisting Santander, Skyline, and Employee under the color of law in their attempt to repossess the Plaintiff's car.

81.     The Police Officers violated 42 U.S.C. § 1983 by threatening to arrest the Plaintiff and her landlord for refusing to acquiesce to Santander, Skyline, and Employee's repossession attempt.

82.     The Police Officers lacked the authority to instruct Santander, Skyline, and Employee to repossess the Plaintiff's vehicle.

83.     The Police Officers actions deprived the Plaintiff of her civil rights under the United States Constitution and the laws of the Commonwealth of Massachusetts.

84.     The Police Officers actions caused the Plaintiff actual damages.

WHEREFORE, the Plaintiff, Laurie Chace, respectfully requests that this Court:

    A.     Enter judgment for the Plaintiff against Skyline for actual damages pursuant to 15 U.S.C. § 1692k;

    B.     Enter judgment for the Plaintiff against Skyline for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

C. Enter judgment declaring that Skyline's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq;

D. Award the Plaintiff reasonable attorney's fees and the costs of this action against Skyline pursuant to 15 U.S.C. § 1692k(a)(3);

E. Enter judgment against Santander and Skyline for up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 93A, § 9;

F. Pursuant to M.G.L. c. 106, § 9-625, enter judgment against Santander and Skyline, jointly and severally, for the Plaintiff's actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price, and the costs of this action;

G. Enter judgment against the Police Officers for the Plaintiff's damages, interest, attorneys fees, and costs of this action pursuant to 42 U.S.C. § 1983; and

H. Grant such other relief that the Court deems just.

## JURY DEMAND

The Plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 2nd day of November, 2011.

                                                LAURIE CHACE,
                                                By her attorneys,

                                                */s/ Jose I. Vazquez*
                                                Jose I. Vazquez, BBO# 676866
                                                12 Larkin Road
                                                Medford, MA 02155
                                                (508) 864-3539

                                                */s/ Nicholas F. Ortiz*
                                                Nicholas F. Ortiz, BBO# 655135
                                                Law Office of Nicholas F. Ortiz, P.C.
                                                306 Dartmouth Street, Suite 501
                                                Boston, MA 02116
                                                (617) 716-0282